IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-086 (2) LY |
| | § | |
| EDUARDO SANTANA HISEL | § | |

**MOTION TO SUPPRESS
FRUITS OF WARRANTLESS SEARCH AND SEIZURE
AND INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE DISTRICT COURT:

COMES NOW Eduardo Santana Hisel and moves to suppress fruits of an unlawful arrest, search and seizure and would show the Court as follows:

This motion concerns warrantless search of a vehicle being driven by Eduardo Santana Hisel on the date he was arrested on the charges set forth in the indictment of this cause. Hisel moves that any statement, as well as any evidence obtained from his person or the vehicle, should be in all things suppressed from evidence as having been obtained in violation of the United States Constitution Fourth Amendment Search and Seizure Provision, United States Constitution Fifth Amendment Self-Incrimination Provision, United States Constitution Sixth Amendment Right to Counsel Provision, and United States Constitution Fifth Amendment Due Process Provision.

I. ISSUES PRESENTED

A.  THE ARREST AND SEARCH OF THE DEFENDANT IN THIS CASE WAS WARRANTLESS AND THUS PRESUMPTIVELY UNREASONABLE.

B. THERE WAS NO REASONABLE SUSPICION TO MAKE ANY TYPE OF INVESTIGATORY DETENTION OF THE DEFENDANT.

C. THERE WAS NO VALID CONSENT BY THE DEFENDANT TO ANY OF THE ACTIONS OF THE POLICE IN THIS CASE.

D. ALL EVIDENCE, INCLUDING CONTRABAND AND STATEMENTS OBTAINED DURING DEFENDANT'S UNLAWFUL DETENTION IS INADMISSIBLE AGAINST HIM AT TRIAL.

## II. FACTS

On February 5, 2009, a stop was made on a red Ford Ranger extended cab pick-up truck with the Texas license plate of 47GJR7. The driver of the vehicle was Hisel. The stop was requested by officers surveilling an apartment at 413 Swenson Farms Blvd., Pflugerville, Texas. The surveilling officer observed the passenger in the vehicle retrieving a bag from a second floor apartment, while Hisel ducked down into the seat. There was no other basis for the stop.

During the stop, the passenger consented to the search of the vehicle, after the officers on scene came to the determination that, though the truck was registered in another party's name (allegedly the mother of the passenger), that the passenger had the care, custody and control of the vehicle, as opposed to Hisel, who was the driver of the vehicle at the time.

As a result of the search the officers allegedly found several items which the Government may wish to use as evidence in a trial of this case. Because of the illegal search and seizure, the evidence and all fruits thereof should be suppressed.

## III. ARGUMENT

## A. THE ARREST AND SEARCH OF THE DEFENDANT IN THIS CASE WAS WARRANTLESS AND THUS PRESUMPTIVELY UNREASONABLE.

The United States Supreme Court has repeatedly ruled that the warrantless arrest or search and seizure of a person is presumptively unreasonable.  Katz v. United States, 389 U.S. 347, 88 S.Ct. 507 (1967).  Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022 (1971).  Where the arrest or search is warrantless, the burden of proof is upon the government to show that the search is reasonable.  Coolidge, supra.  The various legitimate exceptions to the warrant requirement fall into several broad categories.

Although not all arrests made in public require a warrant if based upon a law enforcement officer's on the scene determination of probable cause, there should be a valid statute law allowing the arrest without warrant.  United States v. Watson, 423 U.S. 411, 96 S.Ct. 820 (1976).  Thus, the government in this case must show that the arrest and subsequent detention of Defendant fits under one of the above exceptions.

## B. THE SEIZURE AND SEARCH OF THE CAR AND THE DEFENDANT'S PERSON WAS NOT VALID AS BEING INCIDENT TO ARREST.

The reasonableness of traffic stops and investigative detentions of motorists who are suspected of criminal activity is analyzed under the framework established in Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). See United States v. Sharpe, 470 U.S. 675, 682, 105 S. Ct. 1568, 84 L. Ed. 2d 605 (1985) (applying Terry analysis to stop of vehicles suspected of transporting drugs).  Under Terry, we determine the

reasonableness of an investigative stop by examining: (1) whether the officer's action of stopping the vehicle was justified at its inception, and (2) whether the officer's actions were reasonably related in scope to the circumstances that justified the stop. <u>Terry</u>, 392 U.S. at 19-20; <u>United States v. Valadez</u>, 267 F.3d 395, 398 (5th Cir. 2001). During a traffic stop, once a computer check is completed and the officer either issues a citation or determines that no citation should issue, the detention should end and the vehicle should be free to leave. <u>United States v. Dortch</u>, 199 F.3d 193, 198 (5th Cir.), corrected on denial of reh'g, 203 F.3d 883 (5th Cir. 2000). In order to continue a detention after this point, further reasonable suspicion must have emerged. <u>United States v. Jones</u>, 234 F.3d 234, 241 (5th Cir. 2000). The reasonableness of an investigative stop can also be determined if there are independently valid reasons and articulable facts to form reasonable suspicion for the stop. <u>United States v. Stevens</u>, 487 F.3d 232 (5th Cir. 2007).

In this case, there was no valid reason for the vehicle to be stopped. There was no violation of traffic law that was used to justify the stop. The stop only occurred because an officer requested that the vehicle be stopped after observing the passenger go and retrieve a bag, and the driver ducked down, which the officer interpreted as trying to hide in the vehicle. This behavior was not enough, even under the circumstances that were the basis of the surveillance (that Hisel was a passenger in a car that had allegedly evaded arrest earlier that day), to justify a stop with no traffic offense or no other probable cause. <u>United States v. Bursey</u>, 419 F.2d 531 (5th Cir. 1976).

## C. THERE WAS NO VALID CONSENT BY THE DEFENDANT TO ANY OF THE ACTIONS OF THE POLICE IN THIS CASE.

For consent to be valid, it must be voluntary.    Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041 (1973).    United States v. Watson, 423 U.S. 411, 96 S.Ct. 820 (1976).    Coercion by the authorities and mere submission to that coercion does not validate a mere statement of consent by the defendant. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266 (1921); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367 (1948); Bumper v. North Carolina, 391 U.S. 543, 391 U.S. 543, 88 S.Ct. 1788 (1968).    The burden is on the prosecution to prove that there was a valid waiver of constitutional rights. Bumper, supra.    There is a presumption against the waiver of a person's constitutional rights.  Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 (1938).

Consent is invalid if obtained during an illegal detention such as existed here.  See United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870 (1980); Reed v. Georgia, 448 U.S. 151, 100 S.Ct. 2752 (1980).  Any statements made by the defendant, as well as the discovery of evidence or controlled substances, is the product of unlawful detention and is inadmissible under Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248 (1979).

In addition to the detention being illegal, Hisel did not actually consent to the search.  A determination was made by the officers that the passenger, Sarah Woltman, had care, custody and control of the vehicle and it was Woltman who consented to the search.  The officers reached this determination despite the fact that the vehicle was not registered in Woltman's name, and upon Woltman's bare assertions that the vehicle was purchased for her.  Woltman's consent should not have trumped Hisel's care, control and custody of the truck as the driver.  As the driver, Hisel had the greater control, custody and care of the vehicle, barring actual evidence beyond her saying so that Woltman was the driver of the vehicle.  For the search to be valid due to Walton's consent, the Government has to show that Walton had actual or apparent authority to consent to the search.  Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793 (1990).  If Walton had any

right to consent to the search, it was certainly no greater than that of Hisel's as the driver, and therefore Walton's consent is not sufficient to allow the search of the vehicle if Hisel did not also consent.  Georgia v. Randolph, 547 U.S. 103, 126 S.Ct. 1515 (2006).


D.  ALL  EVIDENCE,  INCLUDING  CONTRABAND  AND  STATEMENTS OBTAINED  DURING  DEFENDANT'S  UNLAWFUL  DETENTION  IS INADMISSIBLE AGAINST HIM AT TRIAL.

Evidence  and  confessions  obtained  as  a  result  of  unlawful  detention  are inadmissible against the accused.  Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, Wong Son v. United States, 371 U.S. 471, 83 S.Ct. 407 (1963).  Morales v. New York, 396 U.S. 102, 90 S.Ct. 291 (1969).  If the accused had been ordered held by a magistrate after a probable cause determination or confessed after such a probable cause  determination, then such evidence might be admissible.  See Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. (1972).    However,  since  that  is  not  what  happened  here,  the  evidence  is inadmissible.  In Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248 (1979), the Court held that taking the person into custody into the police station for questioning on what amounted to less than probable cause to arrest violated the Fourth Amendment.  Terry v. Ohio does not apply to full scale arrests.

Even  if  the  Fifth  Amendment  is  complied  with  by  way  of  Miranda  warnings, confessions obtained such a detention are illegal and inadmissible.  The burden is on the prosecution to show the validity not only of the confession but also the arrest.  Once the defendant comes forth with proof that the evidence in question is tainted with illegality, the burden shifts to the government to prove that the evidence is untainted.  United States v. Webster, 750 F.2d 307 (5th Cir. 1984).

Thus, any statements of the accused, as well as any evidence obtained from her person or the vehicle, should be in all things suppressed from evidence as having been

obtained in violation of the United States Constitution Fourth Amendment Search and Seizure Provision, United States Constitution Fifth Amendment Self-Incrimination Provision, United States Constitution Sixth Amendment Right to Counsel Provision, and United States Constitution Fifth Amendment Due Process Provision.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be in all things granted.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
FAX (512) 473-8417
Texas Bar Card No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Christopher Peele
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §          NO. A-09-CR-086 (2) LY
                                  §
EDUARDO SANTANA HISEL             §

**O R D E R**


     Came on this day to be heard, Defendant's Motion to Suppress Warrantless Search. The Court, having read the pleadings, and having heard the evidence and arguments of counsel, finds that the motion has merit and hereby ORDERS that it be GRANTED.

     Specifically, the Court finds that the law enforcement agents had no probable cause to detain Defendant. The Court notes that the Defendant was in fact detained as he was not free to leave. All evidence obtained as a result therefore is hereby ordered SUPPRESSED.

     Order signed and entered on _____, 2009.


                           _____
                           UNITED STATES DISTRICT JUDGE